UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LONNIE RAY CARTER, | CASE NO. C22-0050 BHS |
| Plaintiff, | ORDER |
| v. | |
| TIMOTHY THRASHER, | |
| Defendant. | |

THIS MATTER is before the Court on pro se Plaintiff Lonnie Ray Carter's

Motion Requesting the Court "Contact the U.S. Marshal to Accomplish Firm and Proper

Service," Dkt. 8.

Carter filed this action January 18, 2022, Dkt. 1, and filed a proposed amended

complaint, Dkt. 5, a week later. On February 2, 2022, Carter paid the filing fee and filed

his now-operative complaint, Dkt. 6. He did not seek and was not granted leave to

proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Carter now asks the Court to

arrange for service on his behalf.

ORDER - 1

1       Under Federal Rule of Civil Procedure 4(c)(3), the Court *must* order service by the

2 U.S. Marshal on behalf of a plaintiff proceeding in forma pauperis. It *may* order service

3 on behalf of other plaintiffs, at the plaintiff's request:

4     (3) By a Marshal or Someone Specially Appointed. At the plaintiff's
    request, the court may order that service be made by a United States
5     marshal or deputy marshal or by a person specially appointed by the court.
    The court must so order if the plaintiff is authorized to proceed in forma
6     pauperis under 28 U.S.C. § 1915.

7 Fed. R. Civ. P. 4(c)(3).

8       The difference is that the Court must screen an *in forma pauperis* application to

9 determine whether the complaint states a plausible claim before a plaintiff may proceed

10 without paying the filing fee. A Court should "deny leave to proceed *in forma pauperis* at

11 the outset if it appears from the face of the proposed complaint that the action is frivolous

12 or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)

13 (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

14       If the complaint does state a plausible claim, and the plaintiff is indigent, the Court

15 will allow the plaintiff to proceed *in forma pauperis*, will permit the plaintiff to file his

16 complaint without paying the filing fee, and will serve it on defendants through the U.S.

17 Marshal.

18       Carter did not seek to proceed *in forma pauperis*, and the Court therefore did not

19 screen his complaint before it was filed. A pro se plaintiff's complaint is to be construed

20 liberally, but like any other complaint it must nevertheless contain factual assertions

21 sufficient to support a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S.

22 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

  
1    claim for relief is facially plausible when "the plaintiff pleads factual content that allows

2    the court to draw the reasonable inference that the defendant is liable for the misconduct

3    alleged." *Id.* (internal citation omitted).

4        Carter's complaint does not meet this standard. He seeks $25 million in

5    compensatory damages and $25 million in punitive damages for events that are not at all

6    clear. *See* Dkt. 6. Almost every sentence is in quotes, and there is no "who what when

7    where and why" factual recitation plausibly describing Defendant Thrasher did to Carter

8    that violated a constitutional or other federal right. Had Carter sought to proceed *in forma*

9    *pauperis*, the Court would not have granted that right based on the operative complaint.

10    Carter has not shown that he is indigent, and he is no longer incarcerated. Carter does not

11    explain why he needs the Court's assistance or why he cannot serve the defendant

12    himself.

13        For these reasons, the Court will not arrange for service by the U.S. Marshal under

14    Rule 4(c)(3). Carter's Motion for the Court to arrange for service is DENIED. Under

15    Rule 4(m), Carter has 90 days from the date he filed his complaint to serve the defendant.

16        IT IS SO ORDERED.

17        Dated this 15th day of March, 2022.

18

19

20                   BENJAMIN H. SETTLE
                    United States District Judge

21

22

ORDER - 3